**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2151

_____

LUIS GONZALO TUBON GUANGATAL; MARIA JOSEFINA IZA CHADAN,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(BIA-1: A201-508-704)
(BIA-1: A201-508-705)
Immigration Judge: Joseph C. Scott

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2025

_____

Before: RESTREPO, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges*

(Filed: June 18, 2025)
_____

OPINION*
_____

RESTREPO, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Petitioners Luis Gonzalo Tubon Guangatal and Maria Josefina Iza Chadan, both citizens of Ecuador, seek review of the Board of Immigration Appeal's (BIA) decision to affirm the Immigration Judge's (IJ) denial of their applications for cancellation of removal. We cannot grant relief because the agency's determination that the petitioners' minor son, J.A.T.I., will not experience exceptional or unusual hardship in Ecuador is supported by substantial evidence. Although the petitioners raise other issues on appeal, the agency's hardship determination is dispositive. We will therefore deny their petition for review.

I.

Petitioners married in Ecuador and both entered the United States unlawfully. According to their testimony, Tubon Guangatal entered in August 2001 and Iza Chadan arrived in September 2003. In January 2019, Tubon Guangatal applied for asylum and withholding of removal. After his interview with an asylum officer, the Department of Homeland Security (DHS) initiated removal proceedings against the petitioners, charging each with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). In August 2019, the petitioners conceded removability and applied for cancellations of removal. At a hearing held May 6, 2022, both petitioners testified in support of their applications. The IJ issued its opinion denying the applications on May 19, 2022.

Relevant to this appeal, both petitioners testified that, if removed, their 7-year-old U.S. citizen son J.A.T.I. would move with them to Ecuador. Both alleged the relocation would cause him "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) because his medical treatments would be inaccessible and cost prohibitive.

2

Iza Chadan testified that J.A.T.I. suffers from persistent asthma and allergic rhinitis, a flexible flat feet condition, abnormal vision, and obesity. J.A.T.I. uses a Flovent pump daily, as well as other medications, to treat his asthma. With medication, his symptoms are mostly controlled. J.A.T.I.'s foot condition makes it difficult for him to balance, and he has received both orthotic inserts and physical therapy. It was unclear at the time of the hearing when he would need new inserts or if more physical therapy would be necessary. J.A.T.I. also sees a pediatrician for obesity management. Iza Chadan described J.A.T.I. as very intelligent and able to speak both English and Spanish but stated his reading and writing skills were limited to English.

Both Tubon Guangatal and Iza Chadan testified that, if removed, they would return to their hometown of Quisapincha. Although Quisapincha is small and remote, the petitioners own a home there and would live close to other family members. Iza Chadan admitted they have significant assets in the United States but testified their money would eventually run out and, given Ecuador's poor economy and low wages, they would be unable to make more. Tubon Guangatal testified that the hospital they would need is two hours from Quisapincha, and he heard from his sister that medications in Ecuador are expensive.

The IJ found that J.A.T.I.'s medical conditions were cumulatively serious, but that the petitioners provided an "insufficient foundation and corroboration for [their] claims that adequate medical care for [J.A.T.I.'s] conditions cannot be available in Ecuador." A15. The judge was not persuaded by the letters from petitioner's sisters because he found their

reports of the high cost of Ecuadorian medical care unsubstantiated. He noted that, contrary to Iza Chadan's testimony, Ecuador has a free national health system and, in any event, the petitioners failed to demonstrate that they could not afford to move closer to a hospital or pay for private care.

Further, the IJ found that J.A.T.I. would not experience financial hardship beyond what was to be expected by a deportation. It noted both petitioners have experience working in depressed economies, already own a home in Ecuador, and would be entering the country with assets they could utilize. Regarding J.A.T.I.'s education, the IJ found that he could likely adapt to schooling given his fluency in Spanish and that the petitioners did not establish that they could not afford comparable schooling in Ecuador.[1]

Following the IJ's denial of their applications for cancellations, the petitioners appealed to the BIA. The Board dismissed the appeal, adopting the IJ's reasoning and affirming its decision. In so doing, it held that the petitioners failed to raise any arguments or identify any errors that would justify overturning the IJ's decision to deny cancellation. Because the BIA adopted the IJ's decision without an opinion, we will treat the IJ's decision

---

[1] The IJ found the claim that J.A.T.I. had a serious psychological condition was not credible. It observed that J.A.T.I.'s medical and school records did not reference a psychological condition, and there was no indication the petitioners had ever sought counseling or other services to address any psychological symptoms. The IJ determined the evidence did not show that J.A.T.I. had a psychological condition that would result in hardship beyond what would be expected with deportation. We will uphold this determination.

4

as the final agency determination. *Wilkinson v. Att'y Gen. U.S.*, 131 F.4th 134, 138 (3d Cir. 2025). Iza Chadan and Tubon Guangatal petitioned this Court for review.

## II.

The petitioners contend that they satisfied the statutory requirements of 8 U.S.C. § 1229b and therefore qualify for cancellation of removal.[2] The Immigration Judge disagreed, finding *inter alia* that the petitioners did not satisfy the prerequisite of establishing that their removal will cause a family member who is a United States citizen or permanent resident an "exceptional and extremely unusual hardship." *Id.* at § 1229b(b)(1)(D). The Supreme Court recently decided that we have jurisdiction to review the IJ's hardship determination under 8 U.S.C. § 1252(a)(2)(D) because it presents a mixed question of law and fact. *Wilkinson v. Garland*, 601 U.S. 209, 217–18 (2024) (citing *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 225 (2020)). We review the IJ's hardship

---

[2] 8 U.S.C. §§ 1229b(b)(1)(A)-(D) allows for the cancellation of removal if the individual:

    (A) has been physically present in the United States for a continuous
        period of not less than 10 years immediately preceding the date
        of such application;
    (B) has been a person of good moral character during such period;
    (C) has not been convicted of an offense under section 1182(a)(2),
        1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5);
        and
    (D) establishes that removal would result in exceptional and
        extremely unusual hardship to the alien's spouse, parent, or child,
        who is a citizen of the United States or an alien lawfully admitted
        for permanent residence.

Regardless of how many applicants meet these requirements, cancellation of removal is granted to no more than 4,000 individuals in any fiscal year. *Id.* at § 1229b(e)(1).

determination under the deferential substantial evidence standard. *Wilkinson,* 131 F.4th at 142. Under this standard, "we will uphold the IJ's determination 'unless any reasonable adjudicator would be compelled to conclude the contrary.'" *Id.* (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)).

As this Court noted in *Wilkinson*, relief for "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) is limited "to 'truly exceptional' circumstances.'" *Id.* (quoting *In re Monreal-Agunaga*, 231 I. & N. Dec. 56, 62 (BIA 2001)). Subsection 1229b(b)(1)(D) "permits relief only where the hardship goes beyond that which is inherent in forced deportation." *Id.* at 143.

The IJ properly focused on how the petitioners' deportation would affect J.A.T.I., the petitioners' qualifying U.S. citizen relative. It considered the hardship factors for J.A.T.I. and found that the petitioners had not "met their burden to show the requisite exceptional and extremely unusual hardship even cumulatively to their 7-year-old son." A33. Considering the substantial evidence in this case and applying the required level of deference to the IJ's determination, we conclude that the petitioners have not established the agency erred in denying relief under subsection 1229b(b)(1)(D).

The petitioners argue that the IJ erred by "disregarding" the letters written by their sisters, alleging that J.A.T.I.'s medical treatments would not be available in Ecuador. They essentially claim that the IJ improperly weighed the sisters' letters in evaluating whether J.A.T.I. would suffer "exceptional and extremely unusual hardship" due to an alleged lack of medical care. 8 U.S.C. § 1229b(b)(1)(D). But this argument falls under subsection

6

1251(a)(2)(B)(i)'s jurisdictional bar because it concerns the IJ's factual determinations. *See Wilkinson*, 601 U.S. at 225 ("For instance, an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable.").[3]

## III.

The BIA affirmed the IJ's decision that petitioners were ineligible for cancellation of removal because their evidence did not demonstrate that their son would experience exceptional or extremely unusual hardship beyond that ordinarily associated with removal. Under our deferential review, we conclude that substantial evidence supports the agency's determination. We will therefore deny the petition for review.

---

[3] To the extent that the petitioners argue that the IJ committed legal error by not considering all the relevant evidence in the record, this claim fails. The IJ stated that he had considered the entire record, "even if not explicitly referenced in [his] decision." A13. The petitioners do not effectively challenge the veracity of this statement on appeal. Because we have held the agency need not discuss "every piece of evidence," the IJ's statement is sufficient to settle any such claim. *Green v. Att'y Gen U.S.,* 694 F.3d 503, 509 (3d Cir. 2012) (quoting *Huang v. Att'y Gen U.S.,* 602 F.3d 372, 388 (3d Cir. 2010)).